UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARSWELL,

        Plaintiff,        CASE NUMBER: 02-73432
                                    HONORABLE VICTORIA A. ROBERTS

v.

KAREN JOHNSON AND
36TH DISTRICT COURT,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER

This matter comes before the Court on Robert Carswell's ("Plaintiff") *Motion to Transfer Halfway House Rights and Supervised Release Rights to Detroit, Michigan*. Plaintiff also filed this motion in the United States District Court for the Middle District of Georgia against the United States Probation Department.

Plaintiff is currently incarcerated in Inez, Kentucky. Plaintiff argues that he is entitled to serve the remainder of his sentence in a halfway house or under supervised release in Detroit, MI. It is unclear whether the United States Probation Department or Bureau of Prisons approved Plaintiff's request.

Plaintiff says that his family will allow him to reside in Detroit, Michigan. Therefore, he requests that this Court or either the Middle District of Georgia allow him to transfer to the Eastern District of Michigan. In support of his request, Plaintiff cites the due process clause of the 14th Amendment.

This Court, will not grant Plaintiff's requested relief. It is well settled that a

prisoner "has no constitutionally-protected liberty interest in being transferred to a halfway house." *Porter v. Soice*, 24 Fed.Appx. 384, 387 (6th Cir. 2001). To establish a liberty interest, a prisoner must show that remaining in prison rather than going to a halfway house imposes "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, Plaintiff would need to show that being placed in a halfway house someplace other than Detroit, MI would result in a significant hardship. Plaintiff fails to allege a liberty interest.

Further, this Court has no authority to dictate where a prisoner will be confined or whether he will be allowed to serve his sentence in a half-way house. These discretionary decisions have been delegated to the Director of the Bureau of Prisons and federal prison officials. 28 C.F.R. § 0.96; *see also Bolt v. Booker*, No. 05-CV-236-JMH, 2005 WL 1458715, *4 (E.D.Ky. June 20, 2005); *Porter v. Soice*, 24 Fed.Appx. 384, 387 (6th Cir. 2001).

Accordingly, the Court finds that Plaintiffs' claim has no basis in law and is, therefore, **DISMISSED**.

**IT IS ORDERED**.

    /s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: July 19, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Carswell, USP Big Sandy, P.O. Box 2068, Inez, KY 41224 by electronic means or U.S. Mail on July 19, 2007.

s/Linda Vertriest
Deputy Clerk